SMALLWOOD BROTHERS, demandante y apelada, *v.* RAFAEL H. BENÍTEZ, demandado y apelante.

No. 6640.—*Sometido:* Abril 2, 1934. *Resuelto:* Abril 6, 1934.

*M. Benítez Flores,* abogado del apelante; *A. Sánchez Vahamonde,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

La parte demandante y apelada ha solicitado la desestimación del recurso de apelación interpuesto en este caso por entender que dicha apelación es frívola y sólo tiende a dilatar los procedimientos. La parte apelante alega en oposición

que las cuestiones que afectan al fondo de las apelaciones no pueden ser ventiladas en simples mociones de desestimación, porque ello sería contrario al espíritu de la ley en materia de apelaciones y al derecho de los apelantes.

■■ Es práctica establecida en esta jurisdicción que procede la desestimación de un recurso de apelación cuando es evidente su frivolidad.

En 24 de octubre de 1932, Smallwood Brothers vendió a Rafael H. Benítez bajo contrato de venta condicional un automóvil marca Ford Del Coupe, por el convenido precio de $1,110.14, bajo las siguientes condiciones: El demandado pagó a la demandante la cantidad de $100 en efectivo y entregó un automóvil marca Ford Tudor que la demandante aceptó en pago parcial por la suma de $250, y el demandado se comprometió a pagar el remanente, ascendente a la suma de $760.14, en diez y ocho pagos iguales mensuales de $42.23 cada uno, el primer pago en 30 de noviembre de 1932 y los otros pagos en el mismo día de cada uno de los diez y ocho meses subsiguientes, conviniéndose en que si vencido uno de los plazos mensuales no fuera pagado, se considerarían vencidos los restantes.

En el contrato también se convino que: "1. Cualquier prórroga o traspaso de este contrato o de dicho pagaré, no afectará en nada las condiciones de este contrato; 2. El comprador reconoce y admite que este contrato constituye el convenio en su totalidad entre las partes contratantes y que no existe otro contrato verbal o escrito entre las partes, en relación a la prenda vendida; 3. La falta del vendedor o sus sucesores para hacer uso de cualquiera de los derechos concedidos a él o a ellos por este contrato, no constituirá, ni debe interpretarse como una renuncia por parte del vendedor o sus sucesores de cualquiera de los derechos que él o ellos tienen en virtud de este contrato."

Alega la demandante bajo juramento que el demandado ha dejado de pagarle un balance de $26.92 correspondiente al plazo vencido en mayo 30 de 1933 y los plazos vencidos

en junio 30 y julio 30 de 1933, por la suma de $42.23 cada uno, por lo cual se consideran vencidos los restantes, que ascienden en total a $491.45, y añade que la falta de pago de estas sumas constituye una violación del contrato.

El demandado, en su contestación, admite el otorgamiento del contrato, pero alega que fué modificado, alterado y novado con el consentimiento expreso de la demandante, por lo cual no está obligado a pagar los plazos específicos expresados en aquél. Alega además que por mediación de su abogado y representante concurrió a la oficina general de la demandante para hacer un abono de $80 a su cuenta y que dicha demandante se negó a aceptarlo, sin causa ni motivo alguno.

La corte inferior declara en la sentencia apelada que no se han cumplido las condiciones del contrato por parte del demandado, y ordena la incautación y entrega a la parte demandante del automóvil vendido condicionalmente, a tenor de lo dispuesto por la Ley de Ventas Condicionales, No. 61, de 13 de abril de 1916 (pág. 126), sin hacer especial condenación de costas.

Se presentó como prueba el contrato de venta condicional y además el testimonio de Juan G. García, gerente de ventas y cobros de la demandante. El demandado no ofreció evidencia alguna.

El Sr. García declara que el primer plazo de $42.23 que venció en noviembre 30, 1932, se pagó en diciembre 1, 1932; que el segundo plazo, que vencía en diciembre 30, 1932, se pagó en enero 31, 1933; que el tercer plazo, que vencía en enero 30, 1933, se pagó en marzo 2, 1933; que del cuarto, que vencía en febrero, 1933, se pagó en abril 10, 1933, $42; que en mayo 25, 1933, se pagó la cantidad de $100, expidiéndose un recibo, acreditada dicha suma a los meses de marzo y abril, y $25 al plazo de mayo, que vencía el día 30 de dicho mes y año.

A preguntas del abogado Sr. Benítez Flores, declara el demandante que dicho abogado estuvo en su oficina para en-

tregarle la cantidad de $80, pero que no era lo vencido y no se lo quiso aceptar; que la cantidad que está vencida ascendía a $111.38, y que no fué aceptada porque el caso estaba ya en la corte. Efectivamente, la oferta de pago de una parte de la cantidad vencida se hizo después de haberse iniciado esta acción. No se ofreció prueba alguna para demostrar que el contrato hubiese sido notificado, alterado o novado como alega el demandado.

*Opinamos que el recurso de apelación interpuesto es frívolo y que debe ser desestimado.*